During October 1981, the defendant was charged in a three-count indictment with burglary, theft, and receiving stolen property. On February 4, 1982, he entered a guilty plea to the indictment and the trial court set sentencing for April 9, 1982.
On April 9, the defendant moved to withdraw his plea. The court granted the motion and set the case for trial on June 14, 1982. Then on May 18, 1982, defendant's appointed counsel withdrew and substitute counsel was named to represent him. The second attorney also withdrew and, on May 26, 1982, the defendant retained other counsel who now represents him on appeal.
On May 31, defendant's lawyer filed motions for a continuance and for a psychiatric exam. The record does not indicate that the circuit court ruled on either motion. Then on June 14, 1982, the date set for trial, defendant pleaded guilty to an amended indictment charging burglary in the third degree. After being sentenced to fifteen years' imprisonment, the defendant filed notice of appeal, claiming that his motions for continuance and for a psychiatric exam were erroneously denied and that there was no factual basis for the guilty plea.
 I
The propriety of the motion for a continuance and the motion for a psychiatric exam are not before us for review. Review on appeal is limited to matters on which rulings are invoked at the trial court. Streeter v. State, 406 So.2d 1024
(Ala.Cr.App.), cert. denied, 406 So.2d 1029 (Ala. 1981). In the absence of a ruling, a request for a ruling, or an objection to the court's failure to rule, we have nothing to review. Stewartv. State, 398 So.2d 369 (Ala.Cr.App.), cert. denied,398 So.2d 376 (Ala. 1981). See also Carroll v. State, 405 So.2d 163
(Ala.Cr.App. 1981); Boykin v. State, 398 So.2d 766
(Ala.Cr.App.), cert. denied, 398 So.2d 771 (Ala. 1981).
Moreover, in the absence of any evidence, the mere allegations by counsel that the accused is incompetent to stand trial do not establish "reasonable ground to doubt [defendant's] sanity" which would warrant an inquiry into his competency. See Ala. Code § 15-16-21 (1975); Williams v. State,386 So.2d 506 (Ala.Cr.App. 1980); Atwell v. State, 354 So.2d 30
(Ala.Cr.App.), cert. denied, 354 So.2d 39 (1977).
 II
The defendant contends that there was no factual basis to support his guilty plea because the court did not take steps to determine that he had the intent to commit the offense charged. Specifically, he argues that he was so intoxicated at the time *Page 814 
of the act that he was unable to form the requisite intent, and the court should have made further inquiries into this matter before accepting his plea.
During the colloquy between the defendant and the trial judge, the following occurred:
 "THE COURT: Mr. Whorton, tell me what happened in this case here, this burglary charge, involving the Five Points Beverage Store.
 "A Your Honor, apparently I broke into that beverage store in Five Points and after they got cigarettes and stuff out of my car. I had been on about a five day drunk and when they pulled me over they found a big bunch of cigarettes and stuff that led up to that charge.
 "THE COURT: If you tell me you were so intoxicated you didn't know what you were doing, I can't take your plea.
 "A Well, I had been drinking for about four days and I guess I went down and kicked that window in and stole the cigarettes and money.
"THE COURT: Do you remember doing it?
"A Vaguely.
"THE COURT: Vaguely?
 "A Yes, sir, I get so drunk, Your Honor, I have blackouts and I've been in several different hospitals; Crestwood and Cedar Lodge and Mental Health and all different places.
 "THE COURT: What I'm trying to tell you, Mr. Whorton, is that if you were so intoxicated that you couldn't form an intent to steal after breaking into the place, I could not take your plea. We would have to let a jury determine your guilt or your innocence. If you can tell me you are guilty because you are guilty and not for some other reason.
 "A I feel that I am guilty of the charge because of the evidence and everything else.
"THE COURT: Was anyone with you when you did it?
"A No, sir.
"THE COURT: What kind of car were you driving?
"A An old model Ford.
"THE COURT: Whose car was it?
"A It was mine.
"THE COURT: Were you able to drive all right?
"A Yes, sir, I was driving.
 "THE COURT: Mr. Sandlin, have you gone over the facts with the defendant?
"MR. SANDLIN [defense counsel]: Yes, sir.
 "THE COURT: Is it your recommendation that the Court accept his plea of guilty?
"MR. SANDLIN: Yes, sir, it is.
 "THE COURT: Have you gone over with him the extent of intoxication to possible mania?
"MR. SANDLIN: Yes, sir.
 "THE COURT: Is it your judgment that he was not that intoxicated?
"MR. SANDLIN: Yes, sir." (R. 10-12)
From the foregoing, it is clear that the court adequately explained to the defendant the mental state required to support a conviction, and made sufficient inquiries into the degree of intoxication of the accused. The judge also ascertained that the defendant had discussed with his attorney the effect of intoxication on criminal intent, and after being fully informed, the defendant chose to plead guilty.
In our judgment, this case is controlled by the recent decision of the Alabama Supreme Court in Carl Andrew Russell v.State, [Ms. 81-487, August 6, 1982] (Ala. 1982), wherein the court framed the issue as follows: "Whether the state, after a fully informed defendant pleads guilty to an offense, is required to present a prima facie case and prove every element of the offense charged." Concluding that the record as a whole supported the voluntariness of the plea, the court determined that an accused who denied waving a pistol and who stated "Well, I guess I went in there and attempted to rob," (emphasis added), could be properly convicted of attempted robbery in the first degree, an offense requiring the use of a weapon. *Page 815 
In another decision handed down the same day, the Alabama Supreme Court stated:
 "[I]t is clear that [the defendant] voluntarily and understandingly entered his plea of guilty, finding it in his best interests to do so, and the mere fact that he denied any criminal intent is insufficient to override such a guilty plea."
Akiyoshi Yamada v. State, [Ms. 81-626, August 6, 1982] (Ala. 1982) (emphasis added).
In view of the Alabama Supreme Court's determination that neither a defendant's hesitation about ("I guess I went in there and attempted to rob") nor his outright denial of criminal intent invalidates an otherwise proper guilty plea, we hold that the defendant's statement here ("apparently I broke into that beverage store. . . .") and the circumstances surrounding it do not undermine the voluntariness of the plea. There is no contention that the taking of the guilty plea did not otherwise conform to the requirements of Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.
 *Page 85