Clarence H. BLAND, Appellant,

v.

STATE of Indiana, Appellee.

No. 384 S 114.

Supreme Court of Indiana.

Oct. 9, 1984.

Patrick Murphy, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Arson, a Class B felony. He was sentenced to thirteen (13) years imprisonment.

The facts are these. Appellant and Phyllis Chaney were living together in Chaney's rental home in Anderson. They had been previously married but had been divorced for a number of years. Appellant occupied a basement room in the home and provided domestic services for the home. The pair had frequent disputes over appellant's drinking.

On October 1, 1983, the police were summoned to the home by Chaney who claimed appellant had stolen her car. On October 2, the police again were called to the home. This time Chaney was very agitated and asked the police to remove appellant from the home. When the police went downstairs to speak with appellant, he informed them that Chaney was wanted on two outstanding warrants from another county. After confirming this fact, the police removed Chaney from the home. As they were doing so, Chaney's landlord appeared. Chaney requested the landlord to remove appellant and to secure the home. Later that night the police were called to the home by the landlord on the report of a possible burglary in progress. The police searched the home and found appellant inside the dwelling. He was arrested. At that time he threatened to burn the home down.

Appellant was released the next day. He promptly asked the landlord for permission to enter the home to recover certain per-

sonal items. The landlord refused and appellant left. That evening, October 3, appellant travelled to Indianapolis. Around 1:00 A.M., on October 4, Chaney's automobile, which was parked at her son's home in Indianapolis, burned. The police testified the fire was caused by an arsonist. Appellant was identified by a witness as being the man standing in a telephone booth less than two blocks from the automobile.

On October 5, at 2:00 A.M., the Anderson Fire Department responded to a call that a fire was in progress in the Chaney home. After extinguishing the fire, the arson investigators determined that the fire was caused by arson, and had its origin in at least three separate locations. The fire department retained an audio tape of the report of the fire. Chaney identified appellant's voice as that on the tape.

 Appellant contends the trial court erred when it permitted evidence related to the Indianapolis fire to be introduced. As a general rule evidence of prior crimes is not admissible. However, a variety of exceptions have developed around this rule. We recognize the admissibility of prior crimes if the evidence is relevant to establish intent, motive, knowledge, plan or identity. *Lewis v. State*, (1983) Ind., 451 N.E.2d 50; *Follrad v. State*, (1983) Ind., 451 N.E.2d 635. This evidence was admissible as it was relevant to the issues of motive and plan.

 The evidence is indicative of appellant's motive of revenge against Chaney through the burning of her possessions. The methods used to ignite the fires were similar as were the times of day when the fires were set. Appellant was seen in a telephone booth near one fire, and he was identified as the caller in the second. These factors are demonstrative of a common plan. The trial court did not err in admitting evidence of the prior crime.

Appellant next contends the court erred when it denied him permission to impeach witness Chaney by questioning her concerning welfare fraud allegations pending against her. As a result of this denial, appellant maintains he was denied the opportunity to effectively and completely cross-examine Chaney as to her veracity, interest in testifying, prejudices and biases. Appellant was permitted to proffer the following evidence: Chaney had welfare fraud charges pending against her in Marion County; appellant had reported to the Madison County Welfare Department certain alleged violations of that county's welfare regulations; the Madison County Welfare Department had suspended Chaney's benefits and there were no criminal charges pending against Chaney in Madison County. Appellant contends fraud of any type, including welfare fraud, demonstrates a lack of veracity. Secondly, he argues Chaney's knowledge of appellant having reported her to the welfare department goes to the issue of her motive and interest in offering testimony. Lastly, he maintains the fact that benefits were suspended, but no criminal charges filed, is suggestive of a bargain agreement to induce Chaney's testimony.

 A witness may not be impeached by specific acts of misconduct which have not been reduced to criminal convictions. *Randall v. State*, (1983) Ind., 455 N.E.2d 916. In the case at bar, there was no conviction against Chaney in either Madison or Marion County on welfare fraud charges. Thus, the court was correct when it excluded all references to the fraud allegations.

 This Court acknowledges an affirmative duty of the State to disclose all agreements with potential witnesses which may have influenced the witness. *Sims v. State*, (1983) Ind., 456 N.E.2d 386. A defendant does have the right to make an initial inquiry as to the existence of any agreement. However, he has no right to discredit the testimony of a witness by questioning that person as to nonexistent agreements. *Sims, supra; Campbell v. State*, (1980) Ind., 409 N.E.2d 568.

 First, this Court notes appellant did not inquire of Chaney as to the existence of any agreements. In addition, at the time

the evidence was proffered, the deputy prosecutor testified he was unaware of any agreement or of any investigation of Chaney in Madison County. Thus, the only evidence of an agreement is appellant's suggested inference. It is incumbent on a defendant to do more than create an inference of an agreement in the face of a direct denial by the State of the existence of an agreement. The trial court committed no error.

■ Appellant alleges the trial court erred when it denied his Motion For Funds To Employ a Private Investigator. Appellant sought state funds to hire an investigator with a background in arson investigation. Counsel contended he lacked the expertise to evaluate evidence, conduct a competent pretrial examination and to properly cross-examine the State's expert witnesses. His argument is couched in due process and equal protection language. He cites *Griffin v. Illinois,* (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 for support. This Court addressed appellant's argument in *Owens v. State,* (1979) 272 Ind. 122, 396 N.E.2d 376 (Hunter, J., dissenting on other grounds). In *Owen,* we stated:

"[T]here is no constitutional mandate under the due process clause that one accused of crime be entitled at public expense to any type of expert whose help the accused might consider relevant in the particular case.... The trial judge may appoint or authorize the hiring of experts or lay investigators if, in his discretion, he thinks it is necessary under the circumstances. We would disturb his judgment only if there was shown to be abuse of that discretion." *Id.* at 127, 396 N.E.2d at 380.

From the record, we believe the trial court did not abuse its discretion. Appellant's counsel was able to conduct an extensive cross-examination of the State's expert witnesses, which included germane questions on the source of the fire, the location of the points of origin of the fire and the path of the fire. We find no error in denial of appellant's motion.

■ Appellant contends the evidence is insufficient to support the verdict of the jury. The State bears the burden of demonstrating the fire had a source other than an accidental cause. *Griffin v. State,* (1980) Ind.App., 413 N.E.2d 293; *Fox v. State,* (1979) 179 Ind.App. 267, 384 N.E.2d 1159. Appellant argues the State failed to eliminate all possible natural or accidental causes. Anderson Fire Investigator and arson expert Terry King testified it was his belief the fire had been set by a person. He specifically eliminated any electrical malfunction as a cause. He testified the fire had three separate and unrelated points of origin. He stated it was his expert opinion that the fire could only have had arson origins and there was no accidental cause involved. By this testimony, the State meets its burden. The State was not required to individually disprove all of the hundreds of possible accidental causes of a fire. The testimony of King was sufficient to support the verdict of the jury.

Appellant maintains the court erred when it excluded the proffered testimony of another member of the Anderson Fire Department. Appellant sought to introduce evidence that his son Lonnie was a confessed arsonist. A fire investigator proffered evidence that Lonnie had set fires in the neighborhood as a member of a group of young people. In addition, Lonnie had indicated to the fire department that he had set fires in his own home on earlier occasions. In addition, Lonnie, at the time of the Anderson fire, was living with a relative only a few blocks from the scene of the fire. The State sought and was granted a Motion of Limine to prohibit testimony relative to the past conduct of Lonnie Bland. Evidence concerning the actions of a third party, who was in no manner a defendant in the cause, was properly excluded as it was immaterial and irrelevant.

■ In the case of *Fortson v. State,* (1978) 269 Ind. 161, 171, 379 N.E.2d 147, 153, this Court stated:

"A defendant may, of course, establish his innocence by showing that some oth-

er person or persons committed the crime charged, instead of himself. *Stout v. State* (1910), 174 Ind. 395, 92 N.E. 161. But the mere possibility that some third person did the act is not enough. Evidence tending to incriminate another must be competent and confined to substantive facts which create more than a mere suspicion that such other person committed the particular offense in question."

In the case at bar, the testimony proffered by the fire investigator would have been hearsay evidence of mere suspicion of guilt on the part of Lonnie Bland. It supplied no substantive fact which would connect Bland with the fire in question. The trial court did not err in excluding this testimony.

The trial court is in all things affirmed.

All Justices concur.