**Gloria BOSTONICH and Betty Lee Bostonich Soto, Defendants-Appellants,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 45A03–8603–CR–92.

Court of Appeals of Indiana, Third District.

Nov. 24, 1986.
Rehearing Denied Jan. 21, 1987.

Dawn Wellman, Cohen and Thiros, Merrillville, for defendants-appellants.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Gloria Bostonich and her sister Betty Lee Bostonich Soto were charged and convicted of arson pursuant to IND.CODE § 35–43–1–1 (1982) and attempted theft pursuant to IND.CODE § 35–43–4–2 (1982). They were each sentenced to five years imprisonment with three years suspended on Count I and two years imprisonment with one year suspended on Count II, the terms to run concurrently.

The defendants appeal raising three issues for consideration by this Court. These issues are, as restated:

(1) whether the defendants were subjected to double jeopardy by conviction and sentencing on both counts with which they were charged;

(2) whether there was sufficient evidence to support the verdict on each count; and

(3) whether the court erred in failing to grant the defendants' motion for continuance.

On August 1, 1984, a home which the defendants were buying on contract was destroyed by fire. At the time of the fire, the property was the subject of a foreclosure action instituted by the contract seller. On October 11 the defendants submitted a sworn statement in proof of loss to Commercial Union Insurance Company claiming $156,705.13 which included $92,000.00 for the structure and approximately $64,800.00 for the personal property and other expenses. On November 19, 1984, the sisters were charged by information with arson pursuant to IND.CODE § 35–43–1–1(c):

"A person who, by means of fire or explosive, knowingly or intentionally damages property of any person with intent to defraud commits arson, a Class C felony";

and attempted theft pursuant to IND.CODE § 35–41–5–1(a):

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted";

and IND.CODE § 35–43–4–2(a):

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

■ The first issue concerns the propriety of charging the defendants pursuant to both these statutes. The defendants urge the trial court committed fundamental error in sentencing them on both the arson and attempted theft convictions asserting the only means of proving the attempted theft was by presenting evidence of an attempt to defraud the insurance company. Therefore the two counts punish the same conduct, i.e., the filing of a fraudulent claim for insurance proceeds. We have not been referred to nor have we found a case addressing this issue. In *Galbraith v. State* (1984), Ind.App., 468 N.E.2d 575, *reh. denied, trans. denied,* this Court affirmed convictions and sentences for arson, IND.CODE § 35–43–1–1(a)(2), and attempted theft, IND.CODE §§ 35–43–4–2, 35–41–5–1. However there was no issue presented as to whether Galbraith was subjected to double jeopardy.

In determining double jeopardy issues of the kind presented here, the Indiana Courts have adopted the test set forth in *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 75 L.Ed. 306. *Elmore v. State* (1978), 269, Ind. 532, 382 N.E.2d 893. Pursuant to this test the focus is on the identity of the offenses with which the defendant is charged. If each statutory provision requires proof of a fact which the other does not, the two are not the same for double jeopardy purposes and both may be the subject of a conviction and sentence. *Id.*

In order to prove the arson charge here, the State must show that the defendants knowingly or intentionally damaged their property by means of fire or explosive with the intent to defraud the Commercial Union Insurance Company.

In order to prove the attempted theft charge, the State must show the defendants knowingly or intentionally took a substantial step toward exerting unauthorized control over the property of the Commercial Union Insurance Company with intent to deprive the insurance company of the use or value of the property.

The wording of the arson statute is similar to that of the burglary statute codified at IND.CODE § 35–43–2–1:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony."

In *Elmore, supra,* the Indiana Supreme Court addressed prior case law which had prohibited sentencing for both burglary and theft based on the same act. The Court overruled the prior case law stating:

"... To obtain a conviction for burglary, it is not necessary for the state to prove that the defendant committed theft or any other felony since the burglary is complete upon breaking and entering with mere intent to commit a felony. Similarly, a conviction for theft may obtain without proof of a breaking and entering. Thus, the two offenses are not the same and separate sentences may be imposed for each...."

*Elmore, supra,* 382 N.E.2d at 898.

As with burglary, the arson statute under which the defendants were charged is complete on the burning with the intent to defraud even if the intended fraud is never completed or the intent to defraud is abandoned immediately on causing the damage. On the other hand, the attempted theft does not require proof of the damage to the property. Therefore the two crimes are different and there is separate identity of offenses. This is true even though there was only one set of facts of which the defendants were found guilty. *See: Linder v. State* (1985), Ind., 485 N.E.2d 73, wherein the Court found the defendant could be sentenced for both voluntary manslaughter and arson even though the two charges arose from a single set of operative facts whereby defendant set fire to a trailer and a person known to be in that trailer died from smoke inhalation.

The defendants argue that there was not sufficient evidence to support the verdict on either count. In reviewing the sufficiency of circumstantial evidence as presented in this case, the appellate court will not reweigh evidence or reassess credibility of witnesses. We look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom and if those support the verdict, it will be affirmed. *Galbraith, supra.*

■ As to the arson charge, the State bears the burden of establishing that the fire had a source other than an accidental cause. *Bland v. State* (1984), Ind., 468 N.E.2d 1032. Here the State presented evidence by a witness who is an expert in the area of cause and origin of fire. He testified that there were two definite points of origin. As to one site of origin, the witness testified all accidental causes of

origin were eliminated. The other point of origin was possibly set up for ignition with a time-delay device through an electric range. The expert's opinion was that the fire was set. This testimony meets the State's burden, and there was sufficient evidence to support the arson finding. *See: Bland, supra.* In addition, there was no question that the defendants alone were in the dwelling when the fire broke out, and there was testimony presented by the expert witness that the accelerant had been poured on the floor only a short time, i.e. within several minutes not a day or days prior, of the ignition. This was sufficient evidence to link the defendants to the eruption of the fire. Evidence was presented as to the purchase by the defendants of an accelerant prior to the fire. The jury was not required to believe the explanation of the defendants as to the reason for purchase and use of the product.

■ As to the attempted theft charge, the State also presented sufficient evidence. The arson evidence is coupled with proof of the filing of a claim which misrepresents the cause of the fire as frying chicken when no evidence of chicken being fried was ever found and the area where the frying was alleged to occur was found not to be the origin of the fire. There was also proof that there was a very small amount of residue of personal property in rooms wherein the defendants claimed large amounts of belongings. This was sufficient to prove a substantial step in exerting unauthorized control over the property of the insurance company. *See: Galbraith, supra,* 468 N.E.2d at 579.

■ Finally, defendants assert the trial court erred in denying a motion for continuance requested orally by the defendants on July 15, 1985, the day of trial. Ind. Rules of Procedure, Trial Rule 53.5 provides that a continuance is within the discretion of the trial court, and this Court reviews the trial court's determination only for an abuse of that discretion which requires a showing of prejudice resulting from the denial of the continuance. *Laird v. State* (1985), Ind., 483 N.E.2d 68. The transcript of the motion indicates that any lack of preparation on the part of counsel for defendants was due to their nonpayment of fees and inconsistent representations to counsel as to his status as their attorney. There is no indication that the reason for any failure to be prepared for trial was due to the lengthy trial in which counsel was involved prior to July 15, 1985. There is no showing of abuse of discretion in denying the continuance under these circumstances. In addition, defendants assert that they were unable to present a witness with information important to their case and the denial of a continuance in order to have that witness's presence was an abuse of discretion. IND.CODE § 35–36–7–1 provides the procedure to be followed to obtain a continuance based on inability to present testimony at the time set for trial. As the defendants did not comply with the procedures set forth in the statutory provision, we are unable to review their claim of error on this ground. *Laird, supra.*

No error having been found, the judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.