[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 843 
Willie Bolden and Mary Jane Hill were jointly indicted for arson in the second degree, attempted theft in the first degree, and intimidating a witness. Bolden was convicted of each offense and was given concurrent sentences of imprisonment of 20 years for arson, 10 years for attempted theft, and 10 years for intimidating a witness. Hill was convicted of arson and attempted theft but was acquitted of intimidating a witness. She was given consecutive sentences of imprisonment of 10 years for arson and five years for attempted theft. This is an appeal by both Bolden and Hill from their convictions.
 I
Both appellants argue that the trial judge erred in failing to timely rule on their motions for judgment of acquittal made at the close of the State's evidence.
Rule 12.2(b), A.R.Cr.P.Temp., states in part, "If the motion for judgment of acquittal is made after the close of the State's evidence, the court shall rule on the motion before calling on the defendant to present his evidence." Rule 12.2(b) contains no provision that a motion for judgment of acquittal made at the close of the State's evidence shall be deemed overruled at that time if the motion is not ruled on before *Page 844 
calling on the defendant to present his evidence. Compare another portion of Rule 12.2(b): "If the motion [for judgment of acquittal] is made at the close of all the evidence in a jury case, the court shall rule on it before permitting argument or charging the jury; if it is not ruled on at that time, it is deemed denied."
The record shows that Bolden, through counsel and at the close of the State's evidence, moved for a judgment of acquittal of the charges of attempted theft and intimidating a witness. The trial judge specifically overruled that motion. Then Hill, through counsel, moved for a judgment of acquittal on all three charges. After argument by Hill's counsel, the trial judge stated, "Well, I will hold off on ruling on that until the end of the evidence."
After that, Bolden's attorney "add[ed] a couple of more points," to which the trial judge responded, "It is a jury question."
Bolden has no ground of complaint on this first issue because the trial judge explicitly and implicitly overruled his motion. Hill cannot complain of the trial judge's postponement of his ruling on her motion, because she made no objection to his inaction. In this situation, an adverse ruling by the trial judge on either the motion itself or on a request for a ruling is a prerequisite to preserving for appeal the issue of the timeliness of the judge's action. See Pitts v. State, 140 Ala. 70,80, 37 So. 101, 104 (1904). "In the absence of a ruling, a request for a ruling, or an objection to the court's failure to rule, we have nothing to review." Whorton v. State,422 So.2d 812, 813 (Ala.Cr.App. 1982).
 II
Each appellant argues that his/her motion for a judgment of acquittal made at the close of the State's evidence should have been granted because, under principles of double jeopardy, they could not properly be charged with both arson and attempted theft. This particular ground was not specifically raised in the motion for judgment of acquittal made at the close of the State's evidence. Principles of jeopardy were not specifically advanced in the arguments made in support of those motions. Hill's defense counsel did, at one point, argue that defendant Hill "either committed arson or she committed an attempted theft."
Neither appellant filed a pretrial motion raising the grounds now presented. By failing to do so, they waived the objection now raised. Under Rules 16.2(a) and (c), A.R.Cr.P.Temp., the defense of jeopardy should be raised by a pretrial motion. The general rule is that the defense of jeopardy is untimely when it is raised after a plea of not guilty has been entered.Ex parte Sales, 460 So.2d 1252, 1254 (Ala. 1984).
Moreover, we find no merit to the substance of the appellants' argument.
Both appellants were charged in a single indictment containing six counts. Count I charged Bolden with the arson of a building belonging to Hill. Count II charged him with the theft by deception of $56,966.86 from the Excelsior Insurance Company. Count III charged him with intimidating Sheila Mitchell, a witness before the grand jury. Counts IV, V, and VI were identical charges against Hill.
The State's evidence showed that Hill lived at 3013 Universal Heights Road in Tuscaloosa, Alabama. On September 9, 1983, Excelsior Insurance Company issued Hill a policy on her residence. The amount of the policy totalled $90,000. On September 9, 1984, the policy was renewed and coverage increased to a total of $107,000.
Hill's house was destroyed by fire on the night of September 17, 1984, eight days after the renewal of the insurance policy. On December 6, 1984, Hill filed a proof of loss claim with the insurance company for $56,966.86. The insurance company did not pay this claim. The company did make one payment to each of the two mortgagees named on the insurance policy: $14,954.29 to the Lomast and Nettleton Company, and one for $9,303.36 to City Finance Company.
There was evidence of two fires at Hill's residence on September 17, 1984. The first one occurred at approximately 6:30 that *Page 845 
evening. There was testimony that Bolden went into the house, "lit something," and came running or walking out. Seconds later, there was an explosion and a fire. This fire caused minimal damage to most of the house. There was "pretty severe" smoke damage in the kitchen where the fire was "almost inclusively [sic]" located. Officers with the Tuscaloosa Fire Department noticed the smell of "gas" in the kitchen although the house was "all electric." The fire department made certain that the fire was extinguished and left.
Around 11:30 that same night, Hill's black station wagon was observed arriving at the residence. In the car were Hill and Bolden, Hill's mother and daughter, and Troy Boyd. Everyone got out of the car. A short time later, the house exploded as the station wagon was observed leaving the residence. The tires from the vehicle screeched as it backed away from the house with its lights off. The vehicle did not stop or return after the explosion.
The explosion had enough force to blow out two walls of a corner bedroom. Samples of the mattress and bedding from that bedroom were scientifically examined and found to contain gasoline.
There was sufficient evidence to support the reasonable inference that before the fire, items of furniture and other personal property had been removed from the house by Bolden and others and taken to the residence of Hill's mother.
There was testimony that a "couple of days" after the fire, Bolden and Hill came to the residence of Sheila Mitchell Wilson who lived on the same street five houses from Hill. Earlier, a man who identified himself as "a private investigator for the insurance company" had questioned Ms. Wilson and others and obtained their statements. Bolden got out of Hill's station wagon and asked Ms. Wilson why she told "their lawyer" all "those lies." Ms. Wilson testified that Bolden told her, "You should keep your mouth shut," and that he said, "he could ax [them] up right there and plead insanity, and wouldn't nothing be done about it."
The evidence in this case was sufficient to authorize the jury to find that Bolden committed the crime of arson in the second degree because "he intentionally damage[d] a building by starting . . . a fire or causing an explosion" in violation of Ala. Code 1975, § 13A-7-42. The circumstantial evidence is also sufficient to afford the reasonable inference that Hill acted as both a principal and as an accomplice to the burning of her own house. Ala. Code 1975, § 13A-2-23. There was evidence that Hill did not destroy her residence for a lawful or proper purpose and that two mortgage companies had a proprietary interest in the residence destroyed. See Ala. Code 1975, §13A-7-42(b).
The corpus delicti of the offense of arson may be established by inference, see Cunningham v. State, 14 Ala. App. 1, 7,69 So. 982, 985 (1915), and by circumstantial as well as direct evidence, Whatley v. State, 37 Ala. App. 706, 708, 75 So.2d 182,185 (1954), overruled on other grounds, Ex parte Locke,527 So.2d 1347 (Ala. 1988). See Franklin v. State, 502 So.2d 821, 82728 (Ala.Cr.App. 1986), cert. quashed, 502 So.2d 828 (Ala. 1987); Williams v. State, 474 So.2d 178, 181 (Ala.Cr.App. 1985).
The evidence in this case was also sufficient to prove that both appellants were guilty of attempted theft in the first degree in violation of Ala. Code 1975, § 13A-8-3. There was evidence that, three months after the fire, Hill filed a verified and itemized claim with her insurance company for property lost in the fire. There was evidence that, a few months before the fire, Bolden had removed some of the property from Hill's house. There was other evidence authorizing the inference that items of property reportedly destroyed in the fire were in Hill's mother's house.
Both Bolden and Hill argue that they should not have been convicted of both arson and attempted theft because the attempted theft charge was "an element of the arson charge — the unlawful purpose for burning the house."
Here, a single criminal act was not split in order to justify multiple convictions. Arson *Page 846 
and theft are two separate offenses involving separate elements and separate acts. See Brown v. Alabama, 619 F.2d 376, 378 (5th Cir. 1980) (robbery and assault with intent to murder separate and distinct offenses); Colston v. State, 350 So.2d 337, 339
(Ala. 1977) (robbery and murder different both in law and fact); Richmond v. State, 437 So.2d 612, 613 (Ala.Cr.App. 1983) (conviction for larceny does not bar prosecution for burglary under indictment which does not allege intent to steal same property); Brown v. State, 30 Ala. App. 27, 31, 200 So. 630,633, cert. denied, 240 Ala. 589, 200 So. 634 (1941) (larceny and embezzlement are not identical in law). Quite obviously, neither offense is a lesser included offense of the other. SeeSchmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443,103 L.Ed.2d 734 (1989).
Under Blockburger v. United States, 284 U.S. 299,52 S.Ct. 180, 76 L.Ed. 306 (1932), the test for determining the identity of offenses is whether each statutory offense requires proof of a fact which the other does not. Ex parte Wright,477 So.2d 492, 493 (Ala. 1985). Here, it cannot even be said that both offenses arose out of the same act. See Wright, 477 So.2d at 496.
 "Under § 13A-7-42, intentionally setting fire to one's own building still amounts to arson if the motivation is not lawful and proper. Such basic conduct is clearly criminal. Submission of a claim to an insurance company under circumstances in which no payment would be made if the truth were known is attempted theft by deception, and actual receipt of money under the policy is theft by deception." Commentary following § 13A-7-43.
It has been held that convictions and sentences for arson and attempted theft do not subject the defendants to double jeopardy. "[T]he two crimes are different and there is separate identity of offenses. This is true even though there was only one set of facts of which the defendants were found guilty."Bostonich v. State, 500 N.E.2d 255, 257 (Ind.App. 1986).
 III
Both Bolden and Hill contend that their convictions are not supported by the evidence.
The corpus delicti of arson in the second degree consists of three elements: (1) damage to a building, (2) intentionally and wilfully caused by a responsible person, (3) by starting or maintaining a fire or causing an explosion and not as the result of accidental or natural causes. See Ex parte Locke,527 So.2d 1347 (Ala. 1988); Ala. Code 1975, § 13A-7-42. Our brief summary in Part II of this opinion of the State's evidence reveals that those elements were satisfied and that both Bolden and Hill were sufficiently connected with the offense of arson. See Bostonich, 500 N.E.2d at 257-58. Compare McCoy v. State,397 So.2d 577 (Ala. Cir.App.), cert. denied, 397 So.2d 589 (Ala. 1981).
The offense of attempted theft is committed when a person attempts, see Ala. Code 1975, § 13A-4-2, to knowingly obtain by deception control over the property of another, with the intent to deprive the owner of his property, Ala. Code 1975, §13A-8-2(2). In order to constitute attempted theft in the first degree, the subject property must exceed $1,000 in value. Ala. Code 1975, § 13A-8-3(a). "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act toward the commission of such offense." Section 13A-4-2(a). The facts we have set out amply demonstrate the sufficiency of the State's evidence to support the convictions for attempted theft in the first degree. SeeBostonich, 500 N.E.2d at 258.
The evidence also supports Bolden's conviction for intimidating a witness in violation of Ala. Code 1975, §13A-10-123(a)(1). See Logue v. State, 529 So.2d 1064, 1066
(Ala.Cr.App. 1988).
In reviewing a conviction based on circumstantial evidence, "[t]he test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude." Cumbo *Page 847 v. State, 368 So.2d 871, 874 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979) (quoted in Ex parte Mauricio,523 So.2d 87, 91 (Ala. 1987)). Reviewing the evidence in the light most favorable to the prosecution as we are required to do,Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,61 L.Ed.2d 560 (1979), we find that the verdicts of the jury are supported by the evidence.
 IV
Contrary to both Bolden's and Hill's arguments, our review shows that Tuscaloosa Fire Inspector Ted Bearden did not give his opinion on the ultimate issue of the cause of the fire. "It is clear that, over proper objection, the admission of testimony that a fire was 'intentional' or 'of incendiary origin' is reversible error." Hughes v. State, 412 So.2d 296,297 (Ala.Cr.App. 1982). Inspector Bearden testified that the fire was "consistent with" that caused by a flammable liquid, that the fire started on the bed because the samples taken from the bedding contained gasoline, and that if gasoline were used it would have taken five minutes or less for the gas vapors to mix with the air and reach an "explosive state." This testimony was proper.
 V
Appellant Hill raises two additional issues not raised by Bolden. First, Hill maintains that the trial judge erred by denying her motion in limine concerning her prior insurance claims.
At trial, after the jury had been selected and immediately before the first witness took the stand, Hill's defense counsel made an oral motion in limine to limit the prosecutor from presenting any evidence concerning any prior insurance claim by Ms. Hill. Defense counsel suggested "that such evidence would be highly prejudicial and would have no probative value." The prosecutor replied that he did not intend to introduce such evidence but added, "It may become necessary during the course of the trial, but [in] my case in chief, at this point, I am not going to bring that out. If I do I will apprise the Court of what I am about to go into."
The trial judge did not rule on this motion, and defense counsel neither requested a ruling nor objected to the failure to rule. That motion preserved nothing for review. Phillips v.State, 527 So.2d 154, 156 (Ala. 1988); Eslava v. State,473 So.2d 1143, 1148 (Ala.Cr.App. 1985); Beaver v. State,455 So.2d 253, 257 (Ala.Cr.App. 1984).
At trial, Hill's daughter, Mary Hill Lee, testified in her mother's defense. Ms. Lee's testimony was in the nature of providing an alibi for appellants Boulder and Hill on the night of the fire. On re-cross-examination, the prosecutor, without objection, elicited Ms. Lee's testimony that "a long time" before the present fire, there had been another fire at Hill's residence which "started from the outside, in the utility room" and only damaged the kitchen. Without objection, the witness testified that she did not know whether or not Ms. Hill had submitted an insurance claim on the fire, whether they had a fire on February 4, 1983, or whether they received some money on March 14, 1983, for a house fire.
Only after that did Hill's defense counsel object and renew his motion in limine, assigning the grounds that the prior insurance claims were "irrelevant and immaterial" and "highly prejudicial." Although the prosecutor admitted that he had "no evidence to show that it was criminal activity," he argued that the evidence that there had been two previous fires at the Hill residence and that Ms. Hill had collected insurance on those two fires was "highly relevant and probative" in showing that the appellants were guilty of arson and defrauding an insurance company.
This objection by defense counsel was untimely. "When a question is asked of a witness calling for inadmissible matter, it is mandatory upon the party against whom it is offered to object after the question but before the answer. The effect of such a rule is that a timely objection is a condition precedent to assigning the admission of such an answer as grounds for error on appeal." C. Gamble, McElroy's Alabama *Page 848 Evidence, § 426.01(3) (3d ed. 1977). "[T]o be timely, an objection must be made as soon as the ground for the objection becomes apparent." Etheridge v. State, 414 So.2d 157, 162
(Ala.Cr.App. 1982). See also Capps v. State, 424 So.2d 681, 683
(Ala.Cr.App. 1982). There was no motion to exclude.
The trial judge overruled the objection and Ms. Hill then testified that she did not know whether or not her mother or family received money on March 14, 1983, for a fire at their house or received any money for a loss due to fire on July 26, 1983. Even if this testimony were inadmissible on proper and timely objection, the admission of her testimony after objection was not prejudicial because it was to the same effect and merely cumulative of her prior testimony admitted without objection. "It is not error to allow the same facts to be again shown against objection when they have already been proven without objection." Bush v. State, 282 Ala. 134, 139,209 So.2d 416, 420 (1968). "The admission of testimony, if error, is harmless where the same witness has previously testified to the same facts without objection." Espey v. State, 270 Ala. 669,673, 120 So.2d 904, 906 (1960).
At trial, Hill testified in her own behalf. On direct examination by her own attorney, Hill testified that in 1982, she had a fire in the "meat house" and that her insurance company "fixed" the damage. Hill also testified, on direct examination, that in 1983, she had a "stove fire" in her kitchen and that the insurance company paid her "some money" on a claim she had submitted for damages. "A defendant cannot complain of the admission of improper evidence when he himself has testified to the same facts." Lewis v. State ex rel. Evans,387 So.2d 795, 807 (Ala. 1980). "[T]estimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred." Ex parte Bush, 474 So.2d 168, 171
(Ala. 1985). Where the defendant voluntarily introduces the same evidence to the admission of which he had previously objected, he waives his objection. McIntyre v. State,1 Ala. App. 200, 204, 55 So. 639, 640 (1911).
Defense counsel also elicited Hill's testimony that attorney Steven W. Ford had represented her "in an automobile case." Earlier in the trial, attorney Ford testified as a defense witness. He stated that he had represented Hill for "a number of years" and that he represented her "in regard to the loss of her house." He also stated that he had represented her in three or four civil matters and specifically mentioned a "car accident." Defense counsel questioned Mr. Ford about the car accident and elicited testimony that the case had been settled and that Hill had received proceeds from that settlement. This initial testimony concerning automobile insurance was introduced by Hill's defense counsel.
Without objections, on cross-examination of Hill, the prosecutor asked her whether she received $398.20 for a car accident on September 7, 1983; whether she received $4,098.28 for a car accident on October 22, 1983; whether she received $8,000 for an accident in which she was involved. Ms. Hill testified that she remembered the third accident but not the first two. "[W]hen one party brings out part of a transaction or conversation, the other party may inquire further into the matter or bring out the whole subject for further examination."Ex parte Tucker, 474 So.2d 134, 135 (Ala. 1985). When one party proves any part of a transaction the other party may prove so much of the remainder of the transaction as relates to the subject matter of the part brought out by the opponent.Stockard v. State, 391 So.2d 1060, 1064 (Ala. 1980); McElroy at § 316.01. "A party cannot complain of the admission of irrelevant evidence, offered in rebuttal to irrelevant evidence introduced by himself." Russell v. State, 202 Ala. 21, 22,79 So. 359, 360 (1918).
Without objection, the prosecutor elicited Hill's testimony that she had reported the theft of four televisions in a burglary. Only when the prosecutor questioned Hill about the "kind" of televisions involved, did defense counsel object; "Your *Page 849 
Honor, we are going to — Ms. Hill has admitted that she made various claims. I object to him questioning the relevancy of nitpicking every one of these claims." The prosecutor replied that he was attempting to show that Hill "claimed some things on her Proof of Insurance Loss that she had also claimed in the burglary." The trial judge responded, "I will bear with you." Evidence that Ms. Hill had previously claimed the loss of the same personal property in a prior burglary which she subsequently claimed in a fire loss would be material and relevant to proving her fraudulent intent on the charge of theft by deception. See Pugh v. State Farm Fire CasualtyCompany, 474 So.2d 629, 631 (Ala. 1985) (holding that evidence of prior fire losses in a suit for breach of contract was admissible on issue of whether the insured misrepresented facts to the insurer concerning prior fire losses, and not on the issue of whether he wilfully burned his house); McElroy at § 70.03(3) ("In an action on a fire insurance policy, in which the insurer defends that the plaintiff intentionally set fire to buildings, the defendant may prove that there were previous fires and uninsured property did not burn").
The prosecutor then elicited Hill's testimony that in 1983, she received $1,375.65 for a burglary of her house. Hill did not remember a fire on February 4, 1983 from which she received $16,252.65 in insurance, or a fire on July 26, 1983 from which she received $142.85 in insurance. She remembered receiving "thousands" for the meat house fire. She "wasn't sure" about a fire at her house on April 19, 1978.
On further cross-examination, the prosecutor, without objection, questioned Hill about the kitchen fire on July 26, 1983, and that at that time she was insured with two insurance companies. While he was questioning her about a tape-recorded telephone conversation she had with an insurance agent, defense counsel objected to the prosecutor "reading from something" but stated that he "[did not] have any quarrel with him asking Ms. Hill about the substance of the conversation." This objection was sustained. The prosecutor then completed his cross-examination of Ms. Hill without objection from defense counsel on the prior insurance claims or related matters.
On redirect examination by her own counsel, Ms. Hill testified that the insurance claim of $21,000 in August of 1984 was paid to her and two other people. She also testified that the television set which appeared in the proof of loss from the burglary and in the present fire was recovered after the burglary and the reported loss was not paid by the insurance company.
At no time during the testimony of Ms. Hill did defense counsel "renew" his motion in limine or make any other objection specifically seeking to exclude the evidence of her prior insurance claims. Moreover, Hill's own counsel elicited testimony about those claims. Under these circumstances, we find that Hill has waived objection to the evidence of prior insurance claims and has failed to preserve this issue for review. The fact that the trial judge ruled that the evidence of prior claims was admissible on the State's cross-examination of Ms. Hill's daughter did not relieve defense counsel from renewing his objection on cross-examination of Ms. Hill.
 "It is not necessary to repeat an objection to an offer of evidence if proper objection has been previously made to the same evidence and the trial court has overruled such previous objection.
 "However, when an objection to a question has been ruled on by the court, but the question is repeated in a slightly different form, objection must be made again to the question or the answer." McElroy, at § 426.01(5).
Defense counsel was required to renew his objection in view of the fact that after the trial judge had overruled his objection to the State's cross-examination of Ms. Lee about prior fires and insurance claims, defense counsel initially introduced the subject of automobile insurance on direct examination of another witness and initially broached the subject of the prior fires with Hill on his direct examination. *Page 850 
 VI
The second issue raised by Hill but not by Bolden is the contention that her consecutive sentences of imprisonment for arson and attempted theft constitute multiple punishments for the same offense in violation of Ala. Const. Art. I, § 9, and Ala. Code 1975, § 15-3-8.
In Part II of this opinion, this court held that Hill's convictions did not violate any constitutional prohibitions against double jeopardy. Because arson and attempted theft are not the "same offense" for purposes of double jeopardy, and because Hill's conduct in committing the arson was separate from her conduct in her attempt to defraud the insurance company, § 15-3-8 does not apply even though the conduct of each offense was related. Sears v. State, 479 So.2d 1308, 1312
(Ala.Cr.App. 1985). See Ex parte Darby, 516 So.2d 786 (Ala. 1987); Ex parte Wright, 477 So.2d 492 (Ala. 1985). Here, there was not just one single criminal act. Cf. McKinney v. State,511 So.2d 220 (Ala. 1987).
Our review convinces us that appellants Bolden and Hill received a fair trial. Therefore, the judgments of the circuit court are affirmed.
AFFIRMED.
All Judges concur.