MONTIEL, Judge.
The appellant, Ronnie Warren, was charged in a three-count indictment. Count I charged him with possession of cocaine, in violation of § 13A-12-212, Code of Aabama 1975; Count II charged him with possession of stolen property in the second degree, in violation of § 13A-8-18, Code of Aabama 1975; and Count III charged him with possession of marijuana in the second degree, in violation of § 13A-12-214, Code of Aabama 1975. The appellant was convicted of posses *670 sion of cocaine, possession of stolen property-in the third degree, and possession of marijuana in the second degree. He was sentenced to 7 years the state penitentiary on Counts I and II, and to 12 months in the county jail on Count III. The sentences were to run concurrently with each other. The appellant was also fined $1,000 in Count I and was ordered to pay $25 to the victims’ compensation fund in each count.
At trial, the State’s evidence tended to show, that on January 14, 1990, Officer Ray Mock, of the Samson Police Department, after receiving information from a reliable informant that the appellant was selling drugs, obtained and executed a search warrant at the appellant’s residence. Officer Mock testified that after entering the appellant’s house, he found crack cocaine, marijuana, and various items discovered to be stolen, including television sets, cameras, and a compact disc player. Mock also testified that his search turned up marked money that he had given to the informant. After the search was completed, the appellant was read his Miranda rights and arrested.
The evidence was turned over to Officer Glenn Barnes, who transported it to the crime laboratory. The controlled substances found in the appellant’s residence were examined by the Alabama Department of Forensic Sciences and were determined to be crack cocaine and marijuana.
I
The appellant contends that the search warrant issued for his residence was invalid because it was not signed by a neutral and detached magistrate. Specifically, the appellant claims the warrant was issued by Alfred J. Danner, the municipal judge of Samson, Alabama. Danner is also the assistant district attorney in Geneva County, and the appellant argues that Danner is not a neutral and detached magistrate capable of issuing a warrant.
The appellant filed a motion to suppress the items seized during the search. However, the appellant based his motion to suppress on the fact that the search warrant failed to properly detail the information provided by the informant. No objection was made at trial that the search warrant was invalid because it had not been signed by a detached and neutral magistrate. Thus, this issue was not preserved for appellate review. “Matters not objected to at trial cannot be considered for the first time on appeal, since review on appeal applies only to rulings by the trial court.” Adams v. State, 585 So.2d 161, 164 (Ala.1991).
Furthermore, the record indicates that Danner did not participate in the trial of this case. But see Browning v. State, 607 So. 339 (Ala.Crim.App.1992) (an actual conflict of interest exists where a part-time municipal judge acts as an attorney in any proceeding in which he has issued an arrest or search warrant).
II
The appellant contends that the trial court erred by allowing someone to serve on the grand jury who was not a resident of the governing county as required by § 12-16-60(a)(1), Code of Alabama 1975. The trial court held a hearing on the appellant’s motion to quash the indictment. At the end of the hearing, the trial court stated that it would take the matter “under advisement and have a ruling shortly.” (R. 77.) However, the record offers no evidence that the court ever ruled on the appellant’s motion.
In a previous case before this court, the defendant filed a motion in limine and the trial court did not rule on the defendant’s motion. This court held: “The trial judge did not rule on this motion, and defense counsel neither requested a ruling nor objected to the failure to rule. That motion preserved nothing for review.” Bolden v. State, 568 So.2d 841, 847 (Ala.Crim.App.1989). In this case, we find nothing in the record to indicate that the appellant requested a ruling on the motion to quash the indictment or that he objected to the trial court’s failure to rule. This issue was thus not preserved for appellate review.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.