BASCHAB, Judge.
The State appeals from the trial court’s order suppressing evidence seized from the residence of the appellee, Angela Frazier. The appellee filed two pretrial motions to suppress in which she argued that the warrant pursuant to which law en *255 forcement officers searched her residence was defective because the magistrate who issued it allegedly was not neutral and detached. After receiving unverified briefs from both parties, but without conducting a hearing, the trial court granted the appellee’s suppression motions, finding as follows:
“The Court consolidated Cases No. CC-99-171 and CC-99-173 for pre-trial discovery and for trial. The defendant filed a Motion to Suppress and an Amended Motion to Suppress. On November 2, 1999, the attorneys were given two weeks to file written briefs. Written briefs were received by the Court from the attorneys for the defendant and the State of Alabama on or about November 16, 1999, and the Court, having considered and understood the same, enters the following findings and Order.
“FACTS: On December 14, 1998, a search warrant was issued by Mr. Ronnie E. Keahey in his capacity as Municipal Judge of the Town of Grove Hill, Alabama. The search warrant was issued to Michael Hunt, Commander of the First Judicial Circuit Drug Task Force. The place to be searched was the residence of the defendant.... A search was conducted on December 18, 1998, and alleged controlled substances were found resulting in the instant charges against the defendant.
“Shadwick, v. Tampa (1972) 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783, stands for the proposition that under the 4th Amendment to the U.S. Constitution, a person who issues a search warrant must be neutral and detached. That person must be independent of the prosecution and police.
“In the case before this Court, Mr. Ronnie Keahey, who serves as a part-time Assistant District Attorney for the First Judicial Circuit also serves as Municipal Judge for the Town of Grove Hill. The warrant in the cases before this Court was sought by the First Judicial Circuit Drug Task Force and signed by Mr. Keahey as Municipal Judge for the Town of Grove Hill. Had Mr. Keah-ey issued said warrant as the Municipal Judge for the Town of Grove Hill to the City Police for Execution, this Court would find no error.
“However, Mr. Keahey, in his capacity as an Assistant District Attorney, works closely with the District Attorney and other Assistant District Attorneys in prosecuting cases in both the District and Circuit Courts of Clarke County. On numerous occasions, he has worked toward the settlement or prosecution of cases in which the First Judicial Circuit Drug Task Force was directly involved.
“This Court finds that, if Mr. Keahey issues a search warrant as a municipal judge, and the District Attorney’s Office will be involved in the prosecution of that defendant, Mr. Keahey is then outside the realm of being ‘neutral and detached’ by virtue of being a member of the District Attorney’s staff. Based on the foregoing, the Court finds that the Amended Motion to Suppress is due to be granted.”
(R. 18-19.)
The State argues that the trial court erroneously found that the municipal judge was not a “neutral and detached magistrate,” as required by the Fourth Amendment. Specifically, it contends that the municipal judge’s role as a part-time assistant district attorney did not automatically prevent him from being neutral and detached. “[I]n Alabama there is a presumption that a judge is qualified and unbiased and a person contending otherwise has the burden of proof to overcome the presumption.” Davis v. State, 554 So.2d 1094, 1099 (Ala.Crim.App.1984), aff'd, 554 So.2d 1111 (Ala.1989), cert. denied, 498 U.S. 1127, 111 S.Ct. 1091, 112 L.Ed.2d 1196 (1991). In similar situations, we have held that, as long as the magistrate was not otherwise involved in the investigation or prosecution of the particular case, he was not disqualified to act as a neutral and detached magistrate simply because of his position as an assistant district attorney or a county attorney. See Warren v. State, 624 So.2d 669 (Ala.Crim. *256 App.1992); Merton v. State, 500 So.2d 1301 (Ala.Crim.App.1986), abrogated on other grounds by Hawkins v. State, 549 So.2d 552 (Ala.Crim.App.1989).
Based on the trial court’s written order granting the appellee’s motions to suppress, it appears that the trial court improperly granted the motions based solely on the fact that the municipal judge also serves as an assistant district attorney. The trial court did not find that the municipal judge was otherwise involved in the investigation or prosecution of the case or that he exhibited actual bias in this case. Furthermore, the trial court did not state the specific facts upon which it based its conclusion that the judge’s previous work with the drug task force prevented him from acting in a neutral and detached manner in this case. From the record before us, it appears that the municipal judge’s only involvement in this case was when he issued the warrant to search the appellee’s residence. However, because the record before us is not clear, we remand this case to the trial court with instructions that it enter specific, written findings stating its reasons for granting the appellee’s motions to suppress. On remand, the trial court may conduct an evidentiary hearing if necessary. Finally, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court and the trial court’s specific, written findings.
REMANDED WITH INSTRUCTIONS*
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

 Note from the reporter of decisions: On September 22, 2000, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.