Petitioner, Edward Locke, was tried before a jury and convicted of murder during the course of an arson. Code of Alabama (1975), § 13A-5-40(a)(9). He was sentenced to life imprisonment without possibility of parole. The Court of Criminal Appeals affirmed his conviction with a written opinion. Locke v. State, 527 So.2d 1343 (Ala.Crim.App. 1987). This Court granted certiorari to address the issue of whether there exists a conflict between the Court of Criminal Appeals' statement of the corpus delicti of arson in its opinion below and the statement of the arson corpus delicti in prior decisions of this Court and the former Court of Appeals. See Rule 39(c)(4), A.R. App.P. Although we find that such a conflict does exist, we nonetheless affirm the judgment of the Court of Criminal Appeals, based on our conclusion that the State did meet its burden of proving the corpus delicti *Page 1348 
of arson at petitioner's trial.[1]
In response to petitioner's contention that the State failed to prove the corpus delicti of arson, the Court of Criminal Appeals stated:
 " 'The evidence is sufficient if the corpus delicti is proved. Speegle v. State, 51 Ala. App. 504, 286 So.2d 914 (1973).
 " ' "In arson the corpus delicti consists first of a building burned; and second, that it was wilfully fired by some responsible person . . . and the guilt of defendant may be proven by circumstantial evidence as well as by direct evidence. . . ." ' (Citations omitted.) Whatley v. State, 37 Ala. App. 706, 75 So.2d 182
(1954).
 " 'Circumstantial evidence is sufficient as long as it is so strong and cogent as to show the defendant's guilt to a moral certainty and does not fairly permit an inference consistent with the defendant's innocence. [Citations omitted]. Circumstantial evidence in arson cases is " 'necessarily often of a negative character; that is, the criminal agency is shown by the absence of circumstances, conditions, and surroundings indicating that the fire resulted from an accidental cause.' " Speegle, supra, citing State v. Edwards, 173 S.C. 161, 175 S.E. 277 (1934).' "
527 So.2d at 1345, quoting from Harris v. State, 358 So.2d 482,485 (Ala.Crim.App. 1978).
Petitioner argues that the Court of Criminal Appeals misstated the elements of the corpus delicti of arson. Specifically, he argues that the court incorrectly omitted from its statement of the arson corpus delicti the requirement that burning by accidental and natural causes must be satisfactorily excluded. We agree.
In Winslow v. State, 76 Ala. 42 (1884); Carr v. State,16 Ala. App. 176, 76 So. 413 (1917); Colvin v. State, 32 Ala. App. 142, 22 So.2d 544, reversed on other grounds, 247 Ala. 55,22 So.2d 525 (Ala. 1945); and Smiley v. State, 376 So.2d 813
(Ala.Cr.App. 1979), the rule has been stated that in addition to a burned building willfully fired by a responsible person, the corpus delicti of arson includes the requirement that "burning by accidental and natural causes must be satisfactorily excluded." (Emphasis added).
It would seem that the opinion of the Court of Criminal Appeals has eliminated what has been a part of the corpus delicti of arson and has converted that part into amethod of proving criminal agency via negative circumstantial evidence. As pointed out, the long-established rule is that burning by accidental and natural causes must be satisfactorily excluded in order for the State to meet its burden of proving the corpus delicti of arson. We here reaffirm that requirement. We note that the Court of Criminal Appeals relied on Whatley v.State, 37 Ala. App. 706, 75 So.2d 182 (1954), for its statement of the corpus delicti of arson. The Whatley opinion left out the requirement that burning by accidental or natural causes must be excluded. Whatley, and the cases relying on Whatley, are overruled to the extent they conflict with this opinion.
Next, petitioner reiterates the argument made in the court below, that the State failed to prove the corpus delicti of arson.
The opinion below contains a more detailed statement of the facts surrounding the fire. For purposes of the present discussion, we quote from that opinion:
 "The evidence presented at trial which is relevant to this issue includes: 1) The fire started on the front porch of the house. The only possible source of ignition near the front porch was an electrical wire that ran parallel to the joist between the living room and the front porch. However, the fire inspector stated that the point of origin of the fire was on the front porch, not at the point where the front porch and the living room join. He and the Evergreen Fire Chief testified that the house sustained the most damage on the front porch and lessened as one went from the front *Page 1349 
porch to the living room to the remainder of the house. 2) The appellant [petitioner] obtained a lighter from Lett at a house one block away from Jackson's house on the night in question and left with the lighter for a period of time. 3) The appellant was seen coming from the alley where Jackson lived around the approximate time the fire was discovered. The appellant seemed to be in a hurry. 4) The day after the fire, the appellant told Geraldine Lyons, who had seen the appellant the night before near Jackson's house, that he didn't want anybody to know that he was in the area in question the night before. 5) The appellant had a strong motive in this case. He was to stand trial the day after the fire on charges brought against him by Jackson. Jackson was supposed to be a witness against him in the trial. When the appellant learned on the afternoon of the fire that Jackson had not dropped the charges against him, he stated, 'I'll see about that.' "
527 So.2d at 1345-46. We agree with the Court of Criminal Appeals that these facts and circumstances are sufficient proof of the corpus delicti of arson in this case.
In response to petitioner's argument that the State's evidence did not satisfactorily exclude the possibility that the fire was the result of accidental or natural causes, we note the following facts from the record and opinion below: 1) The fire progressed from the front to the back of the house. 2) The point of origin of the fire was the front porch. 3) There were no electrical or gas outlets on the front porch. 4) Although there was an electrical wire which ran parallel to the joist where the living room and front porch joined, the fire inspector testified that the point of origin of the fire wason the front porch, not at the point where the front porch and living room joined. 5) The testimony of the fire inspector also eliminated the fireplace inside the house as a possible cause of the fire.
We agree with the State, that from this evidence the jury could reasonably conclude that the fire did not start accidentally or by natural causes. See, Speegle v. State,51 Ala. App. 504, 286 So.2d 914 (Ala.Crim.App. 1973). Once the State has proven a prima facie case of guilt, the question of whether there is sufficient evidence to sustain a conviction is one for the jury. This Court will not substitute its judgment for that of the jury absent evidence that it is wrong and unjust. Williams v. State, 451 So.2d 411 (Ala.Crim.App. 1984).
The Court of Criminal Appeals correctly held that the evidence sufficiently established the corpus delicti of arson. Therefore, the judgment of that court is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.
[1] We note that the petitioner, in his motion for judgment of acquittal at the close of the State's case, properly preserved the issue of whether the State established the corpus delicti of arson.