Billy Davenport was convicted of driving under the influence of alcohol. He was fined $1,000 and was sentenced to 90 days' hard labor in the county jail. He was also convicted of reckless driving and was fined $200. His sentence of 90 days in the county jail for the reckless driving conviction was suspended, and he was placed on probation for one year. Although there are several substantial issues raised on appeal, we only address one because Davenport's convictions must be reversed as a result of the refusal of the trial court to properly instruct the jury on the degree of proof necessary to sustain a conviction based on circumstantial evidence.
Although the trial judge instructed the jury on the concept of circumstantial evidence, he failed to instruct the jury on the degree of proof necessary to sustain a conviction based on circumstantial evidence, *Page 1299 
and denied the defendant's request for such an instruction. "[C]ircumstantial evidence is sufficient when it is so strong and cogent as to indicate the guilt of the defendant to a moral certainty. That evidence should also exclude any inference consistent with the defendant's innocence." Ex parte Davis,548 So.2d 1041, 1044 (Ala. 1989).
 "An abundance of decisions exists on the extent to which circumstantial evidence may support a finding of guilt, and the general legal requirement has been repeated frequently, although not always in the same terms. These requirements have preserved the force of circumstantial evidence to support a finding of guilt if 'the evidence is so strong and cogent as to show defendant's guilt to a moral certainty,' . . . and the circumstances producing the moral certainty of the accused's guilt 'are incapable of explanation on any reasonable hypothesis.' "
Ex parte Williams, 468 So.2d 99, 101 (Ala. 1985) (citations omitted). The refusal of such an instruction constitutes error.Howard v. State, 108 Ala. 571, 577, 18 So. 813, 816 (1895).
Defense counsel's oral request for an instruction was sufficient to preserve this issue for review, there being no indication in the record that the trial court asked or required that any requested instructions be written. Matkins v. State,497 So.2d 201, 202 (Ala. 1986). See also Kitsos v. State, [Ms. 1 Div. 43, September 21, 1990] (Ala.Cr.App. 1990).
Rule 14, A.R.Crim.P.Temp., states, in pertinent part:
 "No party may assign as error the court's . . . giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court."
The judgment of the circuit court is reversed, and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.