MONTIEL, Judge.
The appellant was convicted of theft of property in the second degree, in violation of § 13A-8-4, Code of Alabama 1975, as charged in the indictment. The appellant was sentenced to 10 years’ imprisonment.
At trial, the State’s evidence tended to show as follows: During the early morning hours of April 25, 1991, Auburn, Alabama, police officers were dispatched to the campus of Auburn University. The officers were informed that four young black men had been seen looking in the windows of vehicles parked outside a dormitory. The first two police officers to arrive at the scene were Officer Randall Cerosky and Lieutenant Strickland. Cerosky and Strickland observed two black males walking in the area and after making contact with them, Cerosky turned them over to a second police unit that had arrived at the scene. Cerosky and Strickland continued the search for the other two subjects. Lieutenant Strickland located a third male sitting in a vehicle and Officer Cerosky saw a fourth male, later identified as the appellant, walking from one of the campus dormitories toward the vehicle occupied by the third male.
Officer Cerosky testified that he observed the male in the vehicle exit the vehicle and walk toward the appellant. Ce-rosky approached the two subjects, who told Cerosky that they were looking for a friend. The male who had exited the vehicle informed Cerosky that the automobile in which he had been sitting belonged to the appellant. Cerosky followed the appellant back to the car and the appellant consented to a search of the vehicle. Upon searching the vehicle, Officer Cerosky discovered a car stereo under the front passenger seat. This stereo was later identified as having been taken from a vehicle located outside one of the dormitories. The four males were taken into custody at that time. Also, during this time, the appellant pulled another car stereo from his. sweatpants and handed it to Officer Cerosky. The appellant and the other three males were then taken to the police station.
One of the four males, Clinton Perry, testified at trial that he joined the appellant, along with Darryl Whittaker and a Mr. Banks in Tuskegee on the night of April 24, 1991. Perry stated that the four of them drove to Auburn and that Whittaker and the appellant discussed stealing a radio. Perry testified that he saw the appellant and Whittaker looking in car windows and later saw them return with a car stereo. Perry stated that he and Banks did not want to be involved in this activity and that they walked away from the scene.
The appellant testified in his own behalf and admitted going to Auburn with Banks, Perry, and Whittaker. However, the appellant stated that Whittaker stole the stereos and hid one of them in the appellant’s car. The appellant stated that later Whittaker handed another stereo to him, which he thought was the same stereo previously hidden in the car. When he was approached by police, the appellant hid the stereo in his pants.
The appellant contends that the trial court committed error when it refused to charge the jury on the degree of proof necessary to sustain a conviction based on circumstantial evidence. Following the trial court's oral charge to the jury, the state requested that the court charge the jury on circumstantial evidence because much of the State’s case depended on circumstantial evidence. The trial court granted the state’s request and gave a supplemental charge on circumstantial evidence. These instructions included the following:
“Now the law as I say makes no distinction between the two [direct and circumstantial evidence], but merely requires that before you can convict a Defendant you must be satisfied of his guilt beyond a reasonable doubt from all of the evidence in the case.
“Now that’s the distinction between direct and circumstantial evidence.” (R. 232-233.)
After this additional charge was given, the following exchange took place:
“[THE COURT]: What says the State?
*433 “MR. NORTHCUTT: State is satisfied, Your Honor.
“THE COURT: Defense.
“MR. JONES: Approach the bench?
“THE COURT: Come on up?
“(Whereupon, the following proceedings were had at the bench, inside the presence of the jury but out of its hearing.)
“MR. JONES: Your Honor, there is a case that says that in order for circumstantial evidence to be valid that the jury must rule out all other hypotheses that can be reasonably inferred and we’d ask the Court to state that also.
“THE COURT: Now at the charge conference neither of you gentlemen requested any of these charges and I’m not going to sit here and start writing out charges when they haven’t been requested at the proper time, so—
“MR. JONES: Judge, I didn’t request the circumstantial evidence charge and neither did the D.A.
“THE COURT: I know you didn’t. I know you didn’t.
“MR. JONES: And if he had requested it I certainly would have requested this additional charge which goes with circumstantial evidence. And I think it has to be given and I would request very strongly that it be given.
“THE COURT: Have you got it written out?
“MR. JONES: I don’t have it written out but neither did he have the circumstantial evidence charge written out.
“THE COURT: Your request is denied.
“MR. JONES: We would object.”
This court has recently held that the judge must instruct the jury on the degree of proof necessary to sustain a conviction based on circumstantial evidence. Davenport v. City of Birmingham, 570 So.2d 1298 (Ala.Crim.App.1990). The court held:
“Although the trial judge instructed the jury on the concept of circumstantial evidence, he failed to instruct the jury on the degree of proof necessary to sustain a conviction based on circumstantial evidence, and denied the defendant’s request for such an instruction. [Circumstantial evidence is sufficient when it is so strong and cogent as to indicate the guilt of the defendant to a moral certainty. That evidence should also exclude any inference consistent with the defendant’s innocence. Ex parte Davis, 548 So.2d 1041, 1044 (Ala.1989).”
Davenport, at 1298-99. In this case, the court erred when it failed to give adequate instructions regarding the degree of proof required to sustain a conviction based on circumstantial evidence.
It is true that neither the State nor the appellant requested any jury charge at the charge conference. Under Alabama law, it is not error for the trial court to fail to give a jury charge that was not requested in writing. See Fears v. State, 451 So.2d 385 (Ala.Crim.App.1984); Peterson v. State, 441 So.2d 1019 (Ala.Crim.App.1983); Giles v. State, 440 So.2d 1237 (Ala.Crim.App.1983). However, in this case, the trial court permitted the State to supplement the court’s oral charge to include further instructions on circumstantial evidence after the State noted that its case depended largely upon circumstantial evidence. Following the court’s supplemental charge, the appellant’s counsel merely requested that the court clarify the issue of circumstantial evidence in regard to the degree of proof necessary to sustain a conviction under circumstantial evidence. The trial court should have granted this request. It was unfair to permit the State’s request for a charge on circumstantial evidence, which was not requested at the charge conference, and then refuse the appellant’s request to clarify the issue because the request was not made at the charge conference.
We, following this court’s decision in Davenport v. City of Birmingham, conclude that the court’s error was prejudicial to the appellant in this case. We, therefore, reverse the trial court’s judgment and hold that the trial court erred in refusing to charge the jury on the degree of proof necessary to sustain a conviction based on circumstantial evidence.
*434 The judgment of the circuit court is reversed. We decline to discuss the other issues raised on appeal because they are without merit.
REVERSED AND REMANDED.
All the Judges concur.