MADDOX, Justice
(dissenting).
Mike Cortez Brown was convicted of theft of property in the second degree, in violation of § 13A-8-4, Ala.Code 1975, and was sentenced to 10 years’ imprisonment. On appeal, the Court of Criminal Appeals reversed his conviction, based on a conclusion that the trial court had improperly refused to grant Brown’s oral request for a jury instruction on the degree of proof necessary to sustain a conviction based on circumstantial evidence.
In reversing Brown’s conviction, the Court of Criminal Appeals, after setting out a substantial portion of the colloquy between Brown’s counsel and the trial court, said:
“It was unfair to permit the State’s request for a charge on circumstantial evidence, which was not requested at the charge conference, and then refuse [Brown’s] request to clarify the issue because the request was not made at the charge conference.”
Brown v. State, 622 So.2d 431, at 433 (Ala.Cr.App.1992).
This Court denies the State’s petition for certiorari review. I think that the Court errs.
In reversing Brown’s conviction, the Court of Criminal Appeals cites Davenport v. City of Birmingham, 570 So.2d 1298 (Ala.Cr.App.1990), in support of its holding. Admittedly, the portion of the record quoted in the opinion of the Court of Criminal Appeals shows that the trial court did give, at the State’s request, an instruction on circumstantial evidence, and that defense counsel did object to the giving of that instruction, but the facts of this case are quite different from those in Davenport. In Davenport, the Court said: “Defense counsel’s oral request for an instruction was sufficient to preserve [the] issue for review, there being no indication in the record that the trial court asked or required that any requested instructions be written.” 570 So.2d at 1299 (emphasis original in part and added in part). Here, the record shows that the trial court specifically asked defense counsel to write out his request for an instruction.
Although defense counsel’s comments were specific enough to raise his objection, they were not specific enough for an instruction to the jury, especially in view of the request by the court that the requested instruction be in writing. The case to *435 which defendant's counsel referred in his colloquy with the court was neither named nor cited. If counsel had requested time to find the citation or to write the instruction, and the trial court had denied the request, then I would agree to reverse the conviction, but those are not the facts.
Rule 1.2, Ala.R.Crim.P., requires this Court to interpret the requirements of Rule 21 to ensure that justice is done, and it appears to me that the defendant's argument has merit. That merit is depleted, however, by the fact that defense counsel, although requested to write out his instruction, did not do so. Rule 21.1 provides, in pertinent part, that “[sjubmission of additional explanatory instructions shall not be required, unless requested by the court.” Here, the court did request that defense counsel provide those instructions.
I would not put the trial court in error in this case. The trial court had every right to request that the defendant’s requested instruction be in writing. Justice would seem to require that we uphold the trial court and not require it to retry this case, based upon all these facts and circumstances.