[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 523 
The appellant, Michael Minnis, was indicted for two counts of arson in the second degree, violations of § 13A-7-42, Code of Alabama 1975, for burning Station # 1 and Station # 2 of the Hazel Green Volunteer Fire Department (hereinafter "HGVFD") in two separate incidents. He was convicted as to the count pertaining only to Station # 2 and was sentenced to 16 years in the state penitentiary. The appellant raises four issues.
 I
The appellant first contends that the trial court erred by denying his motion for a judgment of acquittal because, he says, the State failed to present sufficient evidence to sustain his conviction.
Section 13A-7-42, Code of Alabama 1975, defines arson in the second degree as follows: "a person commits the crime of arson in the second degree if he intentionally damages a building by starting or maintaining a fire or causing an explosion." Thus, in order to establish this offense, the State must prove that a fire was intentionally started or maintained and that the fire damaged a building.
The State may establish these elements by circumstantial as well as by direct evidence. Bolden v. State, 568 So.2d 841
(Ala.Cr.App. 1989). "The mere fact that evidence is of a circumstantial nature does not make it deficient; circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused." Bradley v. State, 577 So.2d 541, 545 (Ala.Cr.App. 1990).
 "In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance *Page 524 
of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So.2d 726 (Ala.Cr.App. 1985)."
Powe v. State, 597 So.2d 721, 724 (Ala. 1991), on remand,597 So.2d 730 (Ala.Cr.App. 1992). This Court will not substitute its judgment for that of the jury. Our obligation is to determine if there exists any reasonable theory from which the jury could have concluded that the defendant was guilty of the crime charged.
The State's evidence tended to show that on December 2, 1992, at approximately 7:35 p.m., a fire was started at HGVFD Station # 2 and as a result of the fire the building was damaged. Officials received a call at 7:49 p.m. on that same date reporting that there was a fire at Station # 2. William Larry Gardner, a deputy state fire marshall, testified that the fire was not accidental, but that it had been intentionally started and gasoline had been used as the "accelerant material." He testified that in investigating the fire, he noticed that a wall clock at Station # 2 had stopped at 7:40 p.m. because of the heat from the fire. Further, Gardner noted that a fire such as the one at Station # 2 would take approximately 10 minutes to become fully involved. The cumulative effect of his testimony was that the fire was started just before 7:35 p.m. on December 2, 1992. Gardner further testified that there were no signs of forced entry.
At the time of the fire, the appellant was a member of the HGVFD. He was also employed by the City of Huntsville and drove a white municipal truck as part of his job. Emmitt Connley, Jr., and Betty Connley, who live approximately 100 yards from the station, testified that they saw a white truck parked at the fire station immediately before the fire, but that it was not present at the time they noticed the fire. Alvin Robinson, a utility worker who was in the vicinity of Station # 2 before the fire, testified that he noticed a white municipal vehicle at the station at approximately 7:30 p.m. on December 2, 1992. Additionally, Sharon Rutherford testified that she saw the appellant driving a white truck toward the fire station just before 7:30 p.m. on the evening of the fire. Furthermore, there was testimony that two of the appellant's fellow firefighters were with the appellant between 7:15 and 7:30 p.m. that evening. One of the firefighters testified that the appellant told him that he had to go to Station # 2 to retrieve his radio before going to another station to work on a fire truck. The three separated immediately before 7:30 p.m. on the evening of the fire a little over one mile from Station # 2.
Several of the appellant's fellow firefighters testified that the appellant had a key to Station # 2. Moreover, there was also testimony that the other individuals who had keys to Station # 2 were either in a training session being conducted at another fire hall or were working at other places of employment.
Viewing the evidence in a light most favorable to the State, we find that the trial court did not err in denying the appellant's motion for a judgment of acquittal on the grounds of insufficiency of the evidence.
 II
The appellant's next contention is that the trial court abused its discretion by denying the appellant's motion to sever the two counts of the indictment.
Alabama Rule of Criminal Procedure 13.4(b) states, in pertinent part: "A defendant's motion to sever offenses . . . must be made not more than seven (7) days after arraignment or filing of a written plea of not guilty prior to trial. . . . The right to move for severance is waived if a proper motion is not timely made."
The appellant was indicted for these offenses in June 1993. He entered a plea of not guilty and a waiver of arraignment on July 11, 1995. The motion to sever was filed on July 28, 1995. Thus, the appellant's motion to sever was not timely.
However, even if the motion to sever had been timely, the trial court did not abuse its discretion in denying the motion, and the appellant has not established any compelling prejudice. This Court noted in Summerlin v. State, 594 So.2d 235, 236
(Ala.Cr.App. 1991), that "the granting of a severance *Page 525 
rests within the discretion of the trial court and its refusal to sever counts . . . will only be reversed for a clear abuse of discretion."
 "The burden of proof is on the defendant to demonstrate specific and compelling prejudice which the trial court cannot protect against and which causes him to receive an unfair trial. United States v. Butera, 677 F.2d 1376, 1385 (11th Cir. 1982), cert. denied, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). It is only the most compelling prejudice, against which the trial court will not be able to afford protection, that will be sufficient to show the court abused its discretion in not granting a severance. United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973), cert. denied, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664
(1974). Moreover, a defendant seeking to overturn a denial of severance must demonstrate specific prejudice which resulted from the denial. United States v. Walker, 456 F.2d 1037, 1039 (5th Cir. 1972). A mere showing of some prejudice is insufficient. United States v. Wilson, 657 F.2d 755, 765 (5th Cir. 1981), cert. denied, 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982); United States v. Staller, 616 F.2d 1284, 1294 (5th Cir.), cert. denied, 449 U.S. 869, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980)."
Hinton v. State, 548 So.2d 547, 555 (Ala.Cr.App. 1988), aff'd,548 So.2d 562 (Ala.) cert. denied, 493 U.S. 969, 110 S.Ct. 419,107 L.Ed.2d 383 (1989).
The appellant contends "that there was a danger of the jury cumulating the evidence" as to the separate offenses and that the jury was unable to separate the evidence during deliberations. Because the jury returned a guilty verdict as to only one count, it is clear that the jury separated the evidence as it pertained to each offense.
The appellant also argues that there was no clear distinction made at trial between the two fires. That contention is not supported by the record; in fact, the entire latter portion of the trial concerned the second fire. It is true that several witnesses testified as to both fires; however, the appellant has failed to show that the jury could not distinguish between the testimony pertaining to the fire at Station # 2 and that pertaining to the fire at Station # 1.
 III
The appellant's third contention is that the trial court committed reversible error by receiving evidence of a prior bad act. Specifically, he contends that this evidence related to a collateral act not charged in the indictment and, therefore, was subject to the exclusionary rule.
The record indicated that the appellant "took" a generator from the HGVFD in the spring of 1992. When confronted regarding the whereabouts of the generator, the appellant responded that he had taken it in order to repair it. Over a period of six months, Mark Adcock, HGVFD's fire chief during 1992, had numerous conversations with the appellant about the generator. The substance of the conversations was that Adcock told the appellant that he needed to return the generator and that, if he did not, the matter would be turned over to law enforcement. The generator was never returned. The appellant was then prosecuted for theft of property and he entered a plea of guilty.
Before trial, the appellant filed a motion in limine to preclude the State from introducing evidence of this prior conviction. The trial court granted the motion. However, the State maintained that this evidence was admissible because, it said, it established a motive on the part of the appellant. The judge reserved ruling on the motive issue.
During its case-in-chief, the State called Adcock to testify. Defense counsel objected, without stating any grounds, and asked for a showing outside the presence of the jury. Following Adcock's testimony, defense counsel objected again and stated as his grounds that the testimony "[had] nothing to do with the case" and that the testimony "has nothing to do with this." The trial judge received the testimony into evidence on the basis that it had probative value as to the issue of motive.
The grounds for the objection at trial appear to be based on relevancy. The appellant did not present as a ground a *Page 526 
possible violation of the exclusionary rule until he filed his motion for a new trial. The appellant cannot now use this argument because it was not made when the evidence was received at trial. "When a timely objection at the time of the admission of the evidence is not made, the issue is not preserved for this Court's review." Ziglar v. State, 629 So.2d 43, 47
(Ala.Cr.App. 1993).
Even if defense counsel had raised a timely objection at trial, the trial court acted correctly in receiving this testimony into evidence. The appellant's trial took place after January 1, 1996; therefore, the new Alabama Rules of Evidence applied. Rule 404(b), Ala.R.Evid., sets forth the principle that evidence of other crimes, wrongs, or acts will not be received into evidence if it is offered to prove that a person is of a certain character and that that person acted in conformity with that character on the occasion in issue. However, evidence may be admissible for another purpose such as motive. This testimony was correctly received into evidence to prove that the appellant had a motive to burn these firehouses.
The appellant also contends that the trial court erred by receiving into evidence the following testimony which related to a statement he made: "[that he] was very upset with people pointing the finger at him about the generator and fires and he was going to get even." Defense counsel's only objection to this statement was that it was not relevant. This statement, however, was relevant to establish the appellant's guilt.
 IV
The appellant's final contention is that the trial court abused its discretion by denying his motion to exclude evidence of an oral statement made by the appellant to police officers, the substance of which was not disclosed to him before the trial.
Rule 16.1, Ala.R.Crim.P., states, in pertinent part: "Upon the written request of the defendant, the prosecutor shall . . . (2) disclose the substance of any oral statements made by the defendant, before or after arrest, to any law enforcement officer, official, or employee which the state/municipality intends to offer in evidence at the trial." The appellant filed a written request for discovery. The appellant contends that the State never disclosed the following statement, which was revealed during the direct examination of Gardner: "Mr. Diversa and I were there and talking to him and he started crying and he said I will tell you all about [the fires] but I want to talk to my wife first."
The appellant's statement should have been disclosed to defense counsel by the prosecution.
 "This Court has repeatedly stated that it 'views the failure to comply with [the discovery principles embodied in Rule 16, A.R.Crim.P. (formerly Rule 18, A.R.Crim.P.Temp.),] with particular disfavor and condemnation.' Morrison v. State, 601 So.2d 165, 173 (Ala.Cr.App. 1992); McLemore v. State, 562 So.2d 639, 645
(Ala.Cr.App. 1989); Buchannon v. State, 554 So.2d 477, 486 (Ala.Cr.App.), cert. denied, 554 So.2d 494
(Ala. 1989), overruled on other grounds, Pardue v. State, 571 So.2d 333 (Ala. 1990). We have also made it clear, however, that not every violation of Rule 16 requires the suppression of the undisclosed evidence. E.g., Buchannon, 554 So.2d at 486; Fortenberry v. State, 545 So.2d 129, 142
(Ala.Cr.App. 1988), affirmed, 545 So.2d 145 (Ala. 1989), cert. denied, 495 U.S. 911, 110 S.Ct. 1937, 109 L.Ed.2d 300 (1990); McCrory v. State, 505 So.2d 1272, 1279 (Ala.Cr.App. 1986). Instead, Rule 16.5 'gives a trial judge a number of options to consider in imposing sanctions on a party who has failed to comply with the court's discovery order. Clifton v. State, 545 So.2d 173, 178 (Ala.Cr.App. 1988).' "
Pettway v. State, 607 So.2d 325, 330 (Ala.Cr.App. 1992)
Rule 16.5, Ala.R.Crim.P., provides in pertinent part:
 "[I]f at any time during the course of proceedings it is brought to the attention of the court that a party has failed to comply with this rule . . ., the court . . . may grant a continuance if requested by the aggrieved party; may prohibit the party from introducing evidence not disclosed; *Page 527 
or may enter such other order as the court deems just under the circumstances."
The appellant did not seek a continuance or request a recess. As we noted in McLemore v. State, 562 So.2d 639, 645
(Ala.Cr.App. 1989):
 "[U]nder the circumstances presented here, . . . it appears 'that either a recess or continuance would have been sufficient to protect [the appellant's] interests and permit him to review and evaluate this particular evidence in the same manner as had he received this information prior to trial. Having failed to make any showing to the contrary and having failed to request either a continuance or recess, [the appellant] cannot claim error on the part of the trial court in denying his request to exclude the evidence. United States v. Bartle, [835 F.2d 646 (6th Cir. 1987)]; United States v. Kubiak, [704 F.2d 1545
(11th Cir.), cert. denied 464 U.S. 852, 104 S.Ct. 163, 78 L.Ed.2d 149 (1983)].' "
For the reasons stated above, we conclude that the trial court did not err in denying the appellant's motion to exclude the evidence.
Furthermore,
 " 'Pursuant to United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), undisclosed evidence is material under the Brady rule . . . only when it is reasonably probable that the outcome of the trial would have been different had the evidence been disclosed to the defense.' Hamilton v. State, 520 So.2d 155 (Ala.Cr.App. 1986); Spellman v. State, 500 So.2d 110
(Ala.Cr.App. 1986). In the case sub judice, the prosecutor's failure to disclose Leonard's statement to Sergeant White does not constitute a Brady violation. The defendant has failed to satisfy the two-pronged test of Bagley. It is not reasonably probable that the prosecutor's not disclosing Leonard's statement in the present case would have affected the outcome of the trial. Because the defense counsel already had access to the information contained in the statement made by Leonard to Sergeant White, through the testimony of Leonard in the two prior hearings, we find that the result of the trial would not have varied had this information been given to the appellant prior to trial. Furthermore, it is clear that any error in the prosecutor's failure to disclose this statement merely constituted harmless error. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). 'The appellant's guilt was established beyond a reasonable doubt, and access to the [statement] would have been inconsequential to his defense even if the [statement] was subject to discovery. United States v. Hogan, 769 F.2d 1293
(8th Cir. 1985); United States v. Keithan, 751 F.2d 9 (1st Cir. 1984); United States v. Rodriguez, 765 F.2d 1546 (11th Cir. 1985).' Hamilton v. State, 496 So.2d 100 (Ala.Cr.App. 1986)."
Kinder v. State, 515 So.2d 55, 64 (Ala.Cr.App. 1986).
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.