COBB, Judge
(concurring in part and dissenting in part).
I join the majority in its holding that the trial court did not err in denying Davidson’s Batson motion and that the trial court did not err in refusing to grant Davidson funds to obtain the assistance of an investigator. However, I must reluctantly part company with the majority in its holding that the State presented sufficient evidence to sustain a conviction for the offense of arson.
Section 13A-7-42(a), Ala.Code 1975, defines the offense of arson in the second degree as follows:
“(a) A person commits the crime of arson in' the second degree if he intentionally damages a building by starting Or maintaining a fire or causing an explosion.”
To establish the corpus delicti of arson, the State must prove “(1) damage to a building, (2) intentionally and willfully caused by a responsible person, (3) by starting or maintaining a fire or causing an explosion and not as the result of accidental or natural causes.” Bolden v. State, 568 So.2d 841, 846 (Ala.Crim.App.1989). The majority states that Davidson concedes that the State proved the first and third elements,, but contests the sufficiency of the evidence as to the second element. However, a . review of Davidson’s brief seems to indicate that Davidson conceded only that a building had burned, and that the State offered evidence that, if believed, *1158 would have excluded an accidental or natural cause for the fire. Davidson did not concede at trial, and does not concede before this court, that there was any evidence presented by the State that she started the fire, and she argues that there was certainly no evidence offered to show that she did so intentionally and willfully.
The State’s evidence against Davidson was purely circumstantial. A deputy fire marshal testified that the fire at the Pike County extension office in Troy started in a pile of ledgers, receipts, and checkbooks located behind Davidson’s desk. He testified that he was able to eliminate accidental sources of ignition, e.g., electrical outlets, light fixtures, or the air conditioner. Even though he found no evidence of ac-celerants, it was the fire marshal’s opinion that the fire was not accidental.
What the State did prove was that Davidson had a strong motive to destroy the contents of her desk and file cabinet. There was ample testimony and evidence presented that indicated that the financial records destroyed by the fire would have exposed a series of unauthorized financial transactions by Davidson. Testimony disclosed that Davidson had purposely intercepted bank statements to cloak her financial misconduct. In fact, Davidson was tried and convicted for 12 counts of theft; she chose not to appeal from those convictions.
However, that is the sum total of the State’s evidence: that there was a nonacci-dental fire in Davidson’s office and that she had a strong motive to destroy the records that were burned. The majority believes that the circumstantial evidence that Davidson had a motive to start the fire, combined with the nature and location of the fire is sufficient to sustain Davidson’s conviction for arson. The rest of the evidence relied on by the majority seems to be Davidson’s inability to provide an airtight alibi.
I believe that for this circumstantial evidence to sufficiently “point to the guilt of the accused,” Minnis v. State, 690 So.2d 521, 523 (Ala.Cr.App.1996), there must be some evidence, either direct or circumstantial, that places Dayidson at or near the scene around the time the fire started. It is the complete lack of this evidence that I believe makes the evidence, insufficient to prove beyond a reasonable doubt that Davidson committed arson.
The majority is willing to believe that it was possible for Davidson to drive from her home in Brundidge (12-15 minutes from Troy), set the fire at her office in Troy — the fire had probably started 20 to 25 minutes before it was reported at 10:37 p.m. — and then leave the scene. However, there is not one iota of evidence that places Davidson anywhere near the scene of the fire after 5:00 p.m., when she says she returned to her office to retrieve some food from the freezer. (R. 342-44.)
My research of Alabama caselaw does not provide a single arson case, which was proved solely by circumstantial evidence, where there was not some evidence that placed the defendant near the scene of the fire shortly before it started. See Ex parte Davis, 548 So.2d 1041 (Ala.1989); Ex parte Locke, 527 So.2d 1347 (Ala.1988); Minnis v. State, 690 So.2d 521 (Ala.Cr.App.1996), cert. denied, 690 So.2d 521 (1997); Hereford v. State, 608 So.2d 439 (Ala.Cr.App.1992); Roberts v. State, [Ms. CR-96-1702, April 3, 1998], 738 So.2d 934 (Ala.Cr.App.1998).
I believe Dunnaway v. State, 479 So.2d 1331 (Ala.Cr.App.1985), cited by the majority for the proposition .that direct evidence of the appellant’s presence at the scene of an arson is not required .for conviction, is clearly distinguishable from this case. In that case, there was evidence *1159 that Dunnaway had entered into an agreement to burn the house, that he had received payment for burning the house, and that he had made incriminating statements concerning his role in the arson. Even in the case cited by the majority in support of its conclusions, Armstrong v. State, 45 Ark.App. 72, 871 S.W.2d 420 (1994), thé evidence included testimony that placed the defendant within a half mile of the fire when the fire trucks were responding to the scene, testimony from a witness who saw a man fitting the defendant’s description leaving the scene shortly before the fire was reported, and testimony from his own son who said the defendant had threatened to burn down the house.
“ ‘The rule is clearly established in this State that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain the verdict, unless, after allowing all reasonable presumptions of its' correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust.’ ” White v. State, 546 So.2d 1014, 1022-23 (Ala.Cr.App.1989), quoting Bridges v. State, 284 Ala. 412, 225 So.2d 821 (1969). I am well aware that, in reviewing a conviction based on circumstantial evidence, “[t]he test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable [hypothesis] except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.” McMillian v. State, 594 So.2d 1253, 1263 (Ala.Cr.App.1991) (citations omitted). The State’s evidence placed Davidson at her office approximately 5 k hours before the fire and 12 hours after the fire. A defense witness testified that she saw Davidson at home in Brundidge and dressed for bed at 9:10 p.m. (R. 372-74.) Another defense witness testified he had talked to Davidson on the telephone two times the night of the fire, the second time at around 10:00 p.m. (R. 365-70.) The majority concludes it was “possible” for Davidson to drive to Troy after 9:10 p.m. and set the fire in her office, regardless of what her alibi witnesses said. Therein lies the rub. I agree with the majority that it was “possible” for Davidson to have set this fire; I also agree that the evidence of opportunity (the fire began in her office) and motive (the burned papers were incriminating evidence of her thefts) could prove that she “probably” set this fire. However, that is not the burden of proof this State requires to convict a citizen of a criminal offense. The State was required to present sufficient evidence to prove beyond a reasonable doubt that Davidson intentionally and willfully set that fire in her office. The circumstantial evidence presented in this case leaves room for the jury to find many more reasonable hypotheses than that Davidson started the fire. Given the circumstantial evidence of the fire, a jury could have reasonably found that anyone who had access to the Pike County extension building, and who could not establish an airtight alibi as to their whereabouts after 9:10 p.m. on the night of the fire, was guilty of setting the fire in Davidson’s office. Just because Davidson had a motive does not mean that there could not have been others who also had motives for committing arson.
I recognize that arson cases are some of the most difficult cases to prove, but believing someone is guilty and proving that he or she is guilty are two distinct concepts. The State had the responsibility to prove, beyond a reasonable doubt, that Davidson was the person who intentionally and willfully started the fire. There was not one shred of evidence to prove that Davidson left her home in Brundidge on the night of the fire, or that she was *1160 anywhere near her office after 5:00 p.m., to allow the jury to reasonably infer that she started the fire. I cannot sustain a conviction I believe was based on a conjecture. It is pure conjecture that Davidson must have set the fire because she was stealing from the extension service. I would reverse the arson conviction against Judy A. Davidson and render a judgment in her favor.