SHORES, Justice.
Cary T. Mitchell was adjudicated a youthful offender on the underlying charge of second-degree theft of property, a violation of § 13A-8-4, Ala.Code 1975, for allegedly stealing nitrous oxide tanks from the East Montgomery Medical Center on August 1, 1995.
Section 13A-8-4 reads in part:
“(a) The theft of property which exceeds $250.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree.
“(b) Theft of property in the second degree is a Class C felony.”
Mitchell was sentenced to a split sentence of three years, with six months to be served in the Montgomery County jail and two years to be served on probation. The Court of Criminal Appeals, on June 20, 1997, affirmed the conviction, without opinion. Mitchell v. State, 717 So.2d 895 (Ala.Cr.App.1997) (table). Having carefully considered the record, including the testimony, we conclude that the State failed to carry its burden and that the trial court, therefore, erred in denying Mitchell’s motion for a judgment of acquittal at the close of the State’s case. We *15 reverse the conviction and render a judgment for Mitchell.
Mitchell was admitted to the emergency room at East Montgomery Medical Center in the early morning of August 1, 1995, with a severe injury to his hand. He was later charged with theft of nitrous oxide tanks from the “gas pad” at the hospital. The nitrous oxide tanks that were allegedly taken were never found. A search at Mitchell’s house turned up no tanks. The State proved that witnesses had seen Mitchell in the area of the nitrous oxide tanks on the night of June 28, but no witnesses placed him in the area of the tanks on the morning of August 1.
John Strickland, director of plant operations for East Montgomery Medical Center, testified that on the morning of August 1, 1995, there was a trail of blood from the gas pad to the emergency room. However, Strickland could not testify that it was Mitchell’s blood. He testified that a security guard “intercepted the people when they were coming down the back hall and escorted them to the E. R.” The State did not call the security guard who allegedly intercepted Mitchell and his brother when they were in the back hall. Mitchell did not dispute that he and his brother Jason came down the back hall en route to the emergency room. No test was done to determine whether the blood was Mitchell’s, and no testimony connected Mitchell to that blood.
Mitchell’s conviction was solely based upon circumstantial evidence. This Court has said: “[CJircumstantial evidence is sufficient when it is so strong and cogent as to indicate the guilt of the defendant to a moral certainty. That evidence should also exclude any inference consistent with the defendant’s innocence.” Ex parte Davis, 548 So.2d 1041, 1044 (Ala.1989), citing Ex parte Locke, 527 So.2d 1347, 1348 (Ala.1988).
Rule 20.1(a), Ala.R.Crim.P., requires that a motion for a judgment of acquittal be granted as to any offense “for which the evidence is insufficient to support a finding of guilty beyond a reasonable doubt.” One commentator explains: “There must be substantial evidence tending to prove all the elements of the charge, and the burden is on the State to prove beyond a reasonable doubt that the crime has been committed and that the defendant was the person who committed it.” H. Maddox, Alabama Rules of Criminal Procedure § 20.1, at 734 (2d ed.1994).
The judgment of the trial court is reversed, and a judgment is rendered for the defendant.
REVERSED AND JUDGMENT RENDERED.
HOOPER, C.J., and ALMON, KENNEDY, COOK and LYONS, JJ., concur.
MADDOX, HOUSTON, and SEE, JJ., dissent.