I dissent from the majority opinion reversing Wilson's attempted-murder and robbery convictions on the ground that the State failed to produce Detective Hardiman's notes before trial. Although I do not condone the State's failure to comply with court-ordered discovery, not every discovery violation requires a new trial. "Rule 16.5 [Ala.R.Crim.P.] `gives a trial judge a number of options to consider in imposing sanctions on a party who has failed to comply with the court's discovery order.'" Pettway v. State, 607 So.2d 325, 330 (Ala.Crim.App. 1992) (quoting Clifton v. State, 545 So.2d 173, 178 (Ala.Crim.App. 1988)). As this Court stated in McCrory v. State, 505 So.2d 1272, 1279
(Ala.Crim.App. 1986):
 "The imposition of sanctions upon noncompliance with a court's discovery order is within the sound discretion of the court. United States v. Koopmans, 757 F.2d 901, 906 (7th Cir. 1985); United States v. Saitta, 443 F.2d 830, 831 (5th Cir. 1971); Hansen v. United States, 393 F.2d 763, 770 (8th Cir. 1968). Moreover, the trial court should not impose a sanction which is harsher than necessary to accomplish the goals of the discovery rules. United States v. Gee, 695 F.2d 1165, 1169 (9th Cir. 1983)."
Accord Wilson v. State, 777 So.2d 856, 918 (Ala.Crim.App. 1999), aff'd, 777 So.2d 935 (Ala. 2000).
Based upon my review of the record, it appears that the nondisclosed evidence, i.e., the fact that three witnesses had identified two men other than Wilson and his cohort Arrington as the persons who shot Hamilton, had already been put before the jury, even before the contents of Detective Hardiman's notes were made known to the court. After the existence of the notes was disclosed, the court determined that by failing to disclose the notes, the State had, in fact, violated the court's discovery order. However, the court determined that an appropriate remedy would be to allow Wilson to introduce the substance of Hardiman's notes to the jury, despite the fact that the notes constituted uncorroborated, untested hearsay evidence that *Page 1145 
three unavailable witnesses had identified two other men as Hamilton's assailants. In my opinion, the circuit court did not abuse its discretion in fashioning what it determined was an appropriate remedy for the State's nondisclosure of exculpatory evidence.
Moreover, after reviewing the record, I believe that any error in the State's failure to disclose Detective Hardiman's notes constituted nothing more than harmless error. Rule 45, Ala.R.App.P., states in pertinent part:
 "No judgment may be reversed or set aside, nor new trial granted in any . . . criminal case on the ground of . . . the improper admission or rejection of evidence . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
I do not agree with the majority's conclusion that the State's failure to disclose these notes deprived Wilson of the opportunity to present a full and complete defense because it denied him the opportunity to present the testimony of the unavailable witnesses. At the time of Wilson's second trial, neither the State nor Wilson was able to locate more than one of the three witnesses interviewed by Hardiman. Thus, there is no guarantee that yet another trial would allow Wilson to locate these witnesses. Here, the jury had the opportunity to hear the testimony of Dalanda Smith, the only one of the three witnesses that either party was able to locate. Ms. Smith testified that on the night Hamilton was shot, she heard gunshots, looked outside her window, and saw "B" and "Bouty Bouty" driving away from where Hamilton lay on the ground. The jury also had the opportunity to hear Hamilton testify that Wilson had shot him. Additionally, other witnesses pointed out the automobile carrying Hamilton's assailants as it sped away from the scene. Police followed the car from the scene and, upon stopping it, discovered Wilson inside. I do not believe that Detective Hardiman's notes were material, nor do I believe that it is reasonably probable that the outcome of the trial would have been different had the evidence been disclosed to the defense. See Minnis v. State, 690 So.2d 521, 527 (Ala.Crim.App. 1996) (citing Kinder v. State, 515 So.2d 55, 64 (Ala.Crim.App. 1986)). Accordingly, I would affirm Wilson's conviction.